# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Robert Braun, | ) | |
| | ) | **ORDER GRANTING IN PART** |
| Plaintiff, | ) | **AND DENYING IN PART DEFENDANT'S** |
| | ) | **MOTIONS IN LIMINE AND DENYING** |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **CONTINUE** |
| Menard Inc., | ) | |
| | ) | Case No. 4:11–cv-051 |
| Defendant. | ) | |

_____

Before the Court are two motions in limine filed by the defendant, Menard Inc. On December 28, 2012, Menard's filed a motion in limine seeking to exclude evidence regarding lost income. See Docket No. 23. On December 28, 2012, Menard's filed a motion to exclude the proposed expert testimony of Dr. Rajnikant Mehta and evidence regarding the plaintiff's symptoms of vertigo. See Docket No. 25. The plaintiff, Robert Braun, filed responsive briefs in opposition to the motions in limine on January 2, 2013. See Docket Nos. 34 and 35. Menard's filed reply briefs on January 7, 2013. See Docket Nos. 40 and 41. In addition, on January 7, 2012, Menard's filed a motion to continue in the alternative if the Court denies the motions in limine. See Docket No. 42. For the reasons stated below, the Court orders as follows:

> (1) the Court grants in part and denies in part Menard's motions in limine (Docket No. 23) which seeks to exclude evidence of lost income. Braun will not be permitted to introduce any computation of lost wages at trial. However, Braun may testify about lost income but only consistent with his prior deposition testimony on the subject matter. Neither Braun nor his attorney will be allowed to expand the evidence on the subject of lost income beyond what has been previously testified to in depositions;

> (2) the Court grants Menard's motion in limine (Docket No. 25) which seeks to exclude Dr. Mehta's expert testimony concerning the plaintiff's symptoms of vertigo. Dr. Mehta will be allowed to testify at trial in his capacity as a treating

physician and limited to the care and treatment he specifically provided as outlined in the existing medical records; and

(3) the Court denies Menard's motion to continue (Docket No. 42).

I. **INTRODUCTION**

Robert Braun was injured when he was struck by a forklift at the Menard's store in Minot, North Dakota, on January 18, 2008. See Docket No. 8-2. Liability appears to be largely undisputed and the complaint provides in relevant part as follows:

> Robert Braun, the Plaintiff was damaged by the negligence, carelessness and unlawfulness of the Defendant resulting in injuries to the Plaintiff. These injuries have resulted in various damages to the Plaintiff many of which are still in existence today. This would include but not be limited to pain and discomfort to the neck and back and injuries resulting in a feeling "of rice krispies" in the neck and back and a clicking in the knee with pain when used. He also has had or has pain in the left shoulder, knee, right wrist, back and LS junction. Also due to the accident there has been a small amount of loss wages.

See Docket No. 8-2, p. 3 (errors in original). In a deposition, Braun alleged that he also suffers from vertigo, and he believes the vertigo was caused by the forklift accident. See Docket No. 24-1, p. 7.

Magistrate Judge Charles S. Miller, Jr. issued scheduling orders concerning discovery. See Docket Nos. 13 and 17. As relevant to the pending motions in limine, the parties were required to make the following disclosures:

(1) Disclosures related to damages by October 19, 2011; and

(2) Braun's expert witnesses and reports by June 2, 2012.

See Docket No. 13, p. 2; and Docket No. 17, p. 2.

Menard's contends that evidence of lost income should be excluded from trial because Braun failed to timely disclose any such evidence, and there is an insufficient evidentiary basis for lost income damages. Menard's also seeks to exclude the proposed testimony of Dr. Mehta as untimely

because the disclosure was made on December 28, 2012, just four (4) weeks prior to trial, and approximately six (6) months after the deadline for the disclosure of expert witnesses. As part of Dr. Mehta's proposed expert opinions, he opines that Braun's symptoms of vertigo were caused by the accident at the Menard's store. In addition, Menard's seeks to exclude all evidence related to vertigo because Dr. Mehta's opinion is the only evidence supporting the causal connection between the accident and the plaintiff's vertigo. The trial is scheduled to commence on January 28, 2013.

## II. LEGAL DISCUSSION

### A. LOST INCOME

Menard's seeks to exclude evidence concerning lost income. Menard's contends that Braun failed to disclose any computations of lost income damages, or any other evidence to support the assertion that Braun suffered lost income.

It is well-established that the disclosure of each category of damages is required without a request from the opposing party. Fed.R.Civ.P. 26(a)(1)(A). Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires disclosure of the following:

> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure on which each computation is based, including materials bearing on the nature and extent of the injuries suffered[.]

Fed.R.Civ.P. 26(a)(1)(A)(iii). In addition, parties have an on-going obligation to provide supplemental disclosures. Fed.R.Civ.P. 26(e). A court may exclude evidence if a party fails to comply with the disclosure requirements of Rule 26(a) or Rule 26(e). Fed.R.Civ.P. 37(c)(1).

3

Judge Miller ordered the parties to provide disclosures pursuant to Rule 26(a)(1) which included a disclosure of "a computation of each category of damages" by October 19, 2011. See Docket No. 13, p. 2. The record before the Court reveals that counsel for Braun failed to provide a computation of any claims of lost income.

During a deposition, Braun asserted that he *may have* lost some income as a result of the accident at the Menard's store, stating as follows:

> Q: Do you believe, [Mr. Braun], or can you tell me whether you suffered any income loss as a result of this accident?
>
> A: Well, I guess I would be making more money if I could put in more hours that I could bill out.
>
> Q: Well, let me ask you this. How many hours could you work prior to the accident?
>
> A: Well, pretty much I'd say 8- to 12-hours days every day.
>
> Q: Eight to 12 hours?
>
> A: Yeah.
>
> Q: Was that every workday, I mean, Monday through Friday or --
>
> A: Monday through Friday and then I'd probably half days on Saturdays.
>
> Q: What about after the accident or what about today, how many hours can you put in?
>
> A: I maybe get a -- maybe an hour, maybe two a day that I could bill out for my time.
>
> Q: Uh-huh. And before the accident how many hours of your own time could you bill out?
>
> A: Well, I suppose if you average it I suppose 10 hours a day I could bill out.
>
> Q: Now you bill time out through your employees, right?

A: Yeah.

Q: And they get paid -- do they get paid a wage or an hourly?

A: An hourly wage.

Q: Okay. What's the range on that?

A: I'd say the average is about 12 an hour.

Q: So -- an what is your hourly rate, say your --

A: Twenty-five.

Q: Twenty-five. Okay. So if you pay an employee $12 an hour, does that include his Social Security and his tax withholding and all that, or is that an additional sum of money?

A: Well, I've never did payroll or --

Q: Carolyn does that?

A: Carolyn does all that.

Q: Okay. Do you have any benefits for your employees like vacation or --

A: No.

Q: -- health insurance or anything like that?

A: No.

Q: Do you have more employees today than you had at the time of the accident?

A: Yeah. I pretty much doubled.

Q: Okay. How many did you have at that time?

A: I'm thinking four.

Q: Now you have how many?

A: I'm thinking eight.

| | | |
|---|---|---|
| Q: | | Okay. And what's -- |
| A: | | I'm talking full-timers. I don't know if you -- |
| Q: | | Yeah. What's the reason for the increase in the number of employees? |
| A: | | Well -- well, there's more work today. |
| Q: | | Uh-huh. And you have the oil impact and all that stuff, right? |
| A: | | And I think it seems like I need more helpers to get the work done that I used to be able to do. |

See Docket No. 24-1, pp. 15-16.

On December 28, 2012, Braun stated in answers to interrogatories that "loss of time at work not figured at this time." See Docket No. 26-1, p. 3 (Interrogatory No. 21). It is well-established that all parties have a continuing obligation to update discovery responses pursuant to Rule 26(e). Surprisingly, even after Menard's had filed the motions in limine, counsel for Braun stated in answers to interrogatories <u>filed on December 28, 2012</u>, that "loss of time at work not figured at this time." To date, Braun has essentially failed to provide any computation of lost income in accordance with Rule 26(a)(1)(A). There is no question that Braun was required to disclose a computation of each category of damages sought to be recovered and has failed to do so. Fed.R.Civ.P. 26(a)(1)(A)(iii).

Failure to disclose evidence pursuant to Rule 26(a) or Rule 26(e) may authorize sanctions under Rule 37(c)(1). Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
> **(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rules 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

6

>    **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>    **(B)** may inform the jury of the party's failure; and
>    **(C)** may impose other appropriate sanctions, including of the order listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1). Sanctions are appropriate under Rule 37(c)(1) when the offending conduct was neither substantially justified nor harmless. See Davis v. U.S. Bancorp, 383 F.3d 761, 765 (8th Cir. 2004) (upholding a district court's discretion to permit an untimely affidavit to be considered in the context of a summary judgment motion). The offending party has the burden to demonstrate their conduct was substantially justified or harmless. Fu v. Owens, 622 F.3d 880 (8th Cir. 2010); Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008) cert. denied, 129 S. Ct. 1995 (2009).

The Court finds that counsel for Braun has failed to demonstrate that the failure to disclose a computation for lost income damages is substantially justified or harmless. In the exercise of its discretion, the Court grants Menard's motion in limine prohibiting Braun or his attorney from presenting any computation of lost income damages to the jury. However, the Court will allow Braun to testify concerning his lost income but strictly limited to Braun's prior statements on the subject matter as set forth in depositions.

On June 22, 2012, Braun testified at his deposition that he *may have* lost income as a result of his injuries. Braun can certainly testify about his work hours and any changes to his work hours since the accident, as he did in his deposition. Menard's has had prior notice of Braun's deposition testimony and clearly would suffer no prejudice if Braun were allowed to testify at trial consistent with his generalized deposition testimony. However, neither Braun nor his attorney will be allowed to further expand upon the evidence of lost income beyond what has already been testified to in

depositions. There is no legitimate excuse for the failure to timely and properly comply with the Court's discovery orders and to respond in a timely manner to Menard's discovery requests. The Court grants Menard's motion in limine in part and will allow Braun to testify at trial concerning his lost income but only to the extent the testimony at trial is consistent with his deposition testimony.[1]

B.  **LATE DISCLOSURE OF EXPERT WITNESS**

Menard's also seeks to exclude evidence concerning Braun's symptoms of vertigo. Menard's contends the Court should exclude Dr. Mehta's expert witness testimony because of the untimely disclosure of Dr. Mehta's opinion that Braun suffers from vertigo as a direct result of the accident. Further, if the Court excludes Dr. Mehta's testimony, Menard's argues the evidence is insufficient as a matter of law to support Braun's claim that the accident caused him to suffer from vertigo.

The disclosure of expert witnesses is required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(A) provides as follows:

> (A) *In General*. In addition to the disclosures required by Rules 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705.

---

[1] Beginning on July 20, 2012, Menard's requested the disclosure of tax returns from 2002 to 2011. See Docket Nos. 24-4, 24-5, 24-6, and 24-7. Braun provided three (3) years of tax returns from 2009 to 2011. Braun contends the tax returns prior 2009 were likely destroyed or lost during a flood in the Minot area in the summer of 2011. See Docket Nos. 35 and 36. The Court finds that the failure to disclose tax returns that were likely destroyed or lost during the flooding is certainly excusable. In any event, the likelihood that past tax returns would have showed income loss is questionable. Braun testified that his business has been growing since the time of the accident, and Braun's wife, who served as the bookkeeper for Braun's business, testified that she was unsure if their tax returns would show any income loss. See Docket No. 24-1, pp. 4, 16; Docket No. 24-3, p. 15.

8

Fed.R.Civ.P. 26(a)(2)(A). The disclosure of an expert witness must be accompanied by a report containing a synopsis of the expert's opinion and the basis of the opinion, unless the parties stipulate or the court orders otherwise. Fed.R.Civ.P. 26(a)(2)(B). In general, a party must disclose the expert witness and report "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). However, when the expert witness will present rebuttal testimony, the party must disclose the expert witness "within 30 days after the other party's [expert] disclosure." Fed.R.Civ.P. 26(a)(2)(D)(ii). The parties have a continuing obligation to provide supplemental disclosures if the expert's opinion, or basis thereof, is modified. See Fed.R.Civ.P. 26(a)(2)(E) ("The parties must supplement these disclosures when required under Rule 26(e)"). Failure to provide proper and timely disclosure of an expert witness, may result in sanctions, including exclusion of the expert's testimony. Fed.R.Civ.P. 37(c)(1); see Trost v. Trek Bicycle Corp., 162 F.3d 652, 1008-09 (8th Cir. 1998) (upholding a district court's decision to exclude untimely disclosed expert opinion pursuant to Rule 37(c)(1)).

Judge Miller ordered Braun to disclose any expert witnesses by June 2, 2012, and Menard's to disclose its expert witnesses by July 2, 2012. See Docket No. 17, p. 2. On April 30, 2012, Braun disclosed Dr. Mehta as a treating physician. See Docket No. 41-1, p. 1. Menard's asserts that it disclosed Dr. Donald Starzinski as an expert witness on June 28, 2012.[2] It appears that Dr. Starzinski provided an expert opinion that Braun's claims of vertigo were not caused by the forklift accident at the Menard's store. On December 27, 2012, six (6) months after Menard's disclosed Dr. Starzinski, Braun first disclosed Dr. Mehta as an expert witness. See Docket No. 26-3. The

---

[2] Menard's contends that it disclosed Dr. Starzinski citing to an attached exhibit. See Docket No. 26, p. 3 ("Menard's disclosed its expert witness, Dr. Donald Starzinski, and his full report on June 28, 2012. See Exhibit 2 (Letter dated June 28, 2012)."). However, no exhibit included by Menard's shows the disclosure of Dr. Starzinski.

9

disclosure included a "Statement of Dr Rajnikant Mehta" which provided in relevant part that "I do believe that the symptoms of Vertigo are from the accident to a reasonable degree of certainty." See Docket No. 26-3, p. 1 (errors in original). The "Statement of Dr. Rajnikant Mehta" does not come close to complying with the type of expert witness report required under Rule 26(a)(2)(B) and the Local Rules and it is six month too late.

The Court finds that Braun's disclosure of Dr. Mehta as an expert witness was untimely. Generally, a party must disclose an expert witness at the time designated by the court. Fed.R.Civ.P. 26(a)(2)(D). Braun first disclosed Dr. Mehta as an expert witness on December 27, 2012, which was long after the established deadline of June 2, 2012. Even if Dr. Mehta is considered to be a rebuttal expert witness, his opinions should have been disclosed "within 30 days after the other party's [expert] disclosure." Fed.R.Civ.P. 26(a)(2)(D)(ii). Dr. Mehta was disclosed as an expert witness six (6) months after Menard's had disclosed Dr. Starzinski as an expert witness and disclosed his report. Even if Dr. Mehta's opinion is considered to be rebuttal in nature, the Court finds that Braun's disclosure of Dr. Mehta's expert opinions far too late.

The failure to provide timely disclosures may authorize sanctions against the offending party under Rule 37(c)(1). As outlined above, sanctions are not appropriate where the failure is substantially justified or harmless, and the offending party has the burden to show sanctions are improper. The Court finds that Braun has failed to demonstrate that the late disclosure of Dr. Mehta as an expert witness was substantially justified or harmless.

In the exercise of its discretion, the Court grants Menard's's motion in limine (Docket No. 25) to exclude Dr. Mehta's expert witness testimony at trial, and specifically his opinions concerning the cause of Braun's vertigo. This ruling does not preclude Braun from calling Dr. Mehta as a

treating physician at trial. However, Dr. Mehta's testimony will be strictly limited to the care and treatment he provided to Braun as outlined in the medical records.[3] Any testimony from Dr. Mehta relating directly or indirectly to a causal link between the accident and Braun's symptoms of vertigo shall be excluded from trial.

### C. MOTION TO CONTINUE

The Court granted Menard's motion in limine in part. Menard's has filed a motion to continue the trial in the event that the Court denied either of its motions in limine. See Docket No. 42. The Eighth Circuit Court of Appeals has listed five factors that a district court should balance when considering whether to grant a motion for continuance: (1) the nature of the case; (2) the diligence of the party requesting the continuance; (3) the opposing party's conduct; (4) the effect of the delay on both parties; (5) and the asserted need for the continuance. United States v. Pruett, 788 F.2d 1396, 1396 (8th Cir. 1986) (citing United States v. Bernhardt, 642 F.2d 251, 252 (8th Cir. 1981)). The district court has wide discretion to grant a motion for a continuance. Id. (citing United States v. Little, 567 F.2d 346, 348 (8th Cir. 1977)).

After carefully considering the above-outlined factors, the Court finds that a continuance is neither necessary nor appropriate under the circumstances. The Court granted Menard's motion in limine in part which seeks to exclude evidence of lost income. As discussed above, the Court will only allow Braun to present evidence on lost income which is consistent with his prior deposition testimony. Menard's had prior notice of this limited testimony and therefore no surprise or prejudice

---

[3] The medical records produced by Dr. Mehta reveal that he primarily provided care and treatment for Braun's low back pain and discomfort, and he administered several cortisone injections in that regard. No care or treatment was rendered relating to complaints of vertigo.

11

will result from its admission. The Court also granted Menard's motion in limine as to Dr. Mehta's expert opinions. Accordingly, the Court denies Menard's motion to continue the trial (Docket No. 42).

III. **CONCLUSION.**

The Court has carefully reviewed the record, the parties' argument, and the relevant law. For the reasons set forth above, the Court **GRANTS IN PART** Menard's motion in limine (Docket No. 23) which seeks to exclude evidence of lost income. Neither Braun nor his attorney may present a computation of lost income damages at trial. However, Braun may testify concerning his lost income but only in a manner consistent with his prior deposition testimony. The Court **GRANTS** Menard's motion to exclude Dr. Mehta's expert witness testimony. Any testimony from Dr. Mehta designed to establish a causal link between the accident and the plaintiff's symptoms of vertigo shall be excluded at trial. In addition, the Court **DENIES** Menard's motion to continue (Docket No. 42).

**IT IS SO ORDERED.**

Dated this 9th day of January, 2013.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court